**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-01061-CMA-KMT

EMPLOYERS MUTUAL CASUALTY COMPANY, an Iowa corporation,

     Plaintiff,

v.

AXE TRUCKING, LLC, a Colorado limited liability company, and
MATTHEW AXTELL, an individual,

     Defendants.

---

## ORDER OF DISMISSAL WITH PREJUDICE

---

This matter is before the Court *sua sponte*. This suit was initiated by Employers

Mutual Casualty Company ("EMCC") against Defendants Matthew Axtell and Axe

Trucking, LLC. In December of 2010, Matthew Axtell was driving a truck, which was

insured under a commercial automobile insurance policy issued by EMCC.[1] (Doc. # 1

at 2, 5.) Mr. Axtell pulled over near the tire marks of another vehicle, later discovered to

be driven by Lindsey Hentschel. The tire marks went down a steep embankment and

ended where Hentschel's vehicle crashed, at the creek's bottom. Mr. Axtell, his wife,

and another couple eyed the crash site, but could not ascertain any sign of life in the

car. There was no law enforcement or other emergency personnel at the scene. (*Id.* at

5.)

---

[1] The named insured on this policy was Defendant Axe Trucking, LLC, and Mr. Axtell was a
principal of Axe Trucking, LLC. (Doc. # 1 at 6-7.)

Because it was nighttime and snowing, Mr. Axtell went to his truck and obtained a high intensity flashlight to attempt to determine whether the occupants needed emergency assistance.  The four good Samaritans observed a child's car seat in the passenger compartment of the vehicle, but could not see signs of movement inside the wrecked vehicle.  Fearing the driver and child were seriously injured, Mr. Axtell went down the snowy embankment to assist the vehicle's potentially injured occupants.  As he made his way to the vehicle, Mr. Axtell slipped and fell, shattering his right femur and lacerating his right knee and patellar tendon.  (*Id.* at 5-6.)

Emergency personnel arrived on the scene and transported Mr. Axtell to the hospital, where he underwent surgery.  Shortly after Mr. Axtell's fall, it was determined that Hentschel and another occupant of the wrecked vehicle had left the scene of the accident, apparently uninjured.  (*Id.* at 6.)

In 2012, Mr. Axtell sued Hentschel for his injuries in state court.  (*Id.* at 5.)  Mr. Axtell, through counsel, informed EMCC that Mr. Axtell "was occupying or using a covered auto at the time of the accident [and that his] accident may result in a claim for uninsured/underinsured motorist coverage under the policy."  (*Id.* at 7.)  On March 28, 2014, counsel for Mr. Axtell informed EMCC that Hentschel had liability coverage for only $100,000, but Mr. Axtell's damages already exceeded $655,000.  Counsel also informed EMCC that Mr. Axtell intended to tender a policy limits offer of $100,000 to Hentschel's insurer and requested EMCC's permission to settle with Hentschel in order to preserve his right to pursue an underinsured motorist claim with EMCC.  (*Id.*)

On April 4, 2014, EMCC filed the instant declaratory judgment action, asking this Court to declare that "Mr. Axtell's injuries did not 'arise out of the use of a motor vehicle' as contemplated by C.R.S. [§] 10-4-609(1)(a) and the terms and provisions of Axe Trucking's insurance policy with [Plaintiff]." EMCC also asked this Court to declare that it "is not required to pay uninsured/underinsured motorist benefits under the policy of insurance issued to Axe Trucking LLC[.]" (*Id.* at 7.)

Defendant Matthew Axtell passed away on June 18, 2014. Plaintiff served Axe Trucking, LLC on July 23, 2014, and William T. Axtell, the Personal Representative of the Estate of Matthew Axtell, on September 24, 2014, with a Fed. R. Civ. P. 25(a) Suggestion of Death Upon the Record. (Doc. # 24.) On December 1, 2014, this Court issued an Order to Show Cause, ordering the parties to show why the instant case should not be dismissed due to Plaintiff's failure to file a motion for substitution within 90 days after service of statement noting the death, pursuant to Fed. R. Civ. P. 25(a)(1). (Doc. # 26). As of December 29, 2014, Plaintiff has failed to respond to this Order to Show Cause.

Fed. R. Civ. P. 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. **If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed**." (Emphasis added.) Once there is a valid suggestion of death on the

record, the 90-day time limitation begins to run.  *United States v. Miller Bros. Const. Co.*, 505 F.2d 1031, 1035 (10th Cir. 1974).

Whether an action should be dismissed for failure to comply with the 90-day time limit lies within the sound discretion of the district court.  *See* Fed. R. Civ. P. 25(a)(1) Advisory Committee's Note (1964); *see also Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir. 1966) ("It is [also] intended that the court shall have discretion to enlarge [or not enlarge] th[e substitution] period.").  In making this determination, the Court is mindful of the fact that the general provisions of Rule 6(b) apply to motions for substitution.  Rule 6(b), *see also* 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1955 (3d ed.).  It also acknowledges the underlying purpose of Rule 25(a)(1), which is to allow flexibility in substitution.  *Kasting v. Am. Family Mut. Ins. Co.*, 196 F.R.D. 595, 601 (D. Kan. 2000).  However, despite the Court's *sua sponte* Order to Show Cause – issued almost a month ago – Plaintiff has failed to file anything with the Court, much less anything that suggests good faith or excusable neglect, as required by Rule 6(b).

Because Plaintiff was required to file a motion for substitution by December 24, 2014 – 90 days after service of the notice of death – the case must be dismissed with prejudice.  *See Boyd v. El Paso Natural Gas Co.*, 126 F.R.D. 699, 699 (D.N.M. 1989). Accordingly, it is

ORDERED that this case is DISMISSED in its entirety with prejudice.

DATED:  December 29, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge